I respectfully submit that we should grant certiorari review to determine whether the trial court erred and the Court of Criminal Appeals erred in finding and holding that the "cruel, heinous, or atrocious" aggravating circumstance, as defined by statute and caselaw, applied in this case. The evidence is that the defendant inflicted two nine-millimeter pistol shot wounds upon the victim within seconds of one another. While the Court of Criminal Appeals says that the victim suffered for four and a half hours, the evidence apparent from the opinion of the Court of Criminal Appeals, as well as from the defendant-petitioner's statement of facts, suggests that most of this time transpired after the defendant shot the victim, pushed her out of the car, and left the scene. Such a murder does not meet the criteria for the "cruel, heinous, or atrocious" aggravating circumstance. Even the Court of Criminal Appeals acknowledges that,
 "to support this aggravating factor, the time between
at least some of the injurious acts must be an appreciable lapse of time, sufficient enough to cause prolonged suffering, and the victim must be conscious or aware when at least some of the additional or repeated violence is inflicted. See Norris v. State, [Ms. CR-94-0871, March 26, 1999] ___ So.2d ___ (Ala.Crim.App. 1999)." (Emphasis added.) *Page 916 
Barksdale v. State, 788 So.2d 989, 908 (Ala.Crim.App. 2000). Likewise, the Court of Criminal Appeals, 788 So.2d at 907, cites Ex parteKyzer, 399 So.2d 330, 334 (Ala. 1981), for the proposition that this aggravating circumstance applies only to murders that are "unnecessarily torturous." Inexplicably, however, describing the murder in the instant case in a way that meets neither criterion, the Court of Criminal Appeals concludes that the aggravating circumstance applies.
We also would do well to review the trial judge's charge on lesser included offenses. This case went to the jury on two charges in the indictment: robbery-murder and murder of a victim inside a vehicle. The trial judge addressed the lesser included offenses of the second charge in these words:
 "Is there anything lesser? Well, yes, he intentionally killed her, shot her with a pistol, she was not in the vehicle. Some lesser includeds I have just given you with that shooting. Okay. Didn't intentionally do it, felony murder, reckless murder, criminally negligent homicide, same thing. In this case, I'm not asking you to do it twice. Just telling you it is the same thing. Because, you see, under count two of the indictment, the vehicle is the thing that makes it different from just ordinary murder, manslaughter, criminally negligent homicide. It is the vehicle. That's the big difference."
Barksdale, 788 So.2d at 906 (emphasis added). The Court of Criminal Appeals implies that this instruction tells the jurors to consider the same lesser included offenses for the second charge as they were instructed to consider for the first charge. Several of the statements in this instruction, however, say or imply the diametric opposite. The most notable such statement is, "I'm not asking you to do it twice."
While I dissent from the denial of certiorari review, I agree with the statement that the "denial of the petition should not be taken as an approval of all the statements in the Court of Criminal Appeals' opinion." That opinion contains obvious errors.
Discussing the trial judge's refusal of the defendant's requested jury charges on accidental killing, the Court of Criminal Appeals writes:
 "The trial court was correct in refusing to give the requested instructions because they were misstatements of the law, in that they would have allowed the jury to find the appellant guilty of lesser included offenses."
Barksdale, 788 So.2d at 906. The pertinent problem with both of the requested charges is that they "would [not] have allowed the jury to find the appellant guilty of lesser included offenses." (Emphasis added.) The Court of Criminal Appeals has apparently inadvertently omitted the wordnot from its rationale. While the evidence supported the consideration of lesser included offenses for both pertinent counts of the indictment and, indeed, the trial court duly submitted lesser included offenses to the jury for its consideration, the requested jury instructions, as written and quoted in the opinion of the Court of Criminal Appeals, state, in essence, that, if the jury found that the shots were accidentally fired, then the jury "must find the defendant not guilty," 788 So.2d at 906, when correct instructions on this point would have concluded that the jury must proceed to consider the lesser included offenses, such as robbery.
 *Page 689